Sullivan,
June, 1895.

COUGHLIN & a. v. ANGELL.  ·

It is within the discretion of the court at the trial term to refuse to entertain a motion to quash the writ for defective service apparent upon the record. Justice may require the defendant to resort to a plea in abatement.

·  MOTION, to quash the writ for want of legal service.   Property was attached upon the writ, and the officer made a return, dated April 6, 1895, that he "summoned the within named defendant as within commanded by leaving at his last and usual place of abode a summons in the form prescribed by law, with my name and office endorsed thereon."   The writ was returnable at the April term, 1895.   The defendant appeared specially within the first four days of the term, and filed a motion to quash the writ for want of service.   The motion was denied, and the defendant excepted.

*Albert S. Wait, Frank T. Vaughan, Levi W. Barton,* and *Burt Chellis,* for the plaintiffs.

·  *George R. Brown,* for the defendant.                     ·

*Per Curiam.*[*]   " All writs and other processes shall be served by giving to the defendant, or leaving at his abode, an attested copy thereof, except in cases otherwise provided for."   Laws

[*] See foot-note on page 22.

1893, c. 67, s. 6.    The defendant claims that service of the writ by a summons was unauthorized, and that the suit should be quashed on motion.    Assuming that the service of the writ was defective, the question is presented whether the defendant's motion to quash the writ for that reason was properly denied.   " It is competent to the court in its discretion to quash the writ on motion for defect of service, or to put the defendants to plead the matter in abatement."    Tilton v. Parker, 4 N. H. 142, 143.   " The rule of court requiring pleas in abatement to be filed within the first four days of the term at which the action is entered, has never been applied to motions to quash or dismiss the action. These are directed to the discretion of the court, and that discretion will be exercised in view of the particular circumstances of each case."    Clark v. Lisbon, 19 N. H. 286, 288, 289.   " The general tendency of the decided cases in this state is to regard a motion to dismiss or quash a proceeding as addressed to the discretion of the court. . . . We are not prepared to say that there may not be cases where, on account of the subject-matter of the motions, the court may, in its discretion, put the party to a formal plea. . . . If the defect be a substantial one, is apparent upon the record, and cannot be cured by amendment, and is seasonably brought to the notice of the court by motion, the proceeding will ordinarily be dismissed."    Crawford v. Crawford, 44 N. H.  428, 430, 431.    In that case, service of the writ was made only seven days before the sitting of the court, and it was held that the defect was substantial and that the writ should be quashed on motion.    In the present case, the defect, if there was one in the service of the writ, was not substantial.    By the formal service of the summons upon the defendant, he received all the notice and practically all the information in relation to the pendency of the suit against him that he would have received if a copy of the writ had been given to him.    He seeks to avoid the suit, not because no service was made upon him, or because the service was made too short a time before court, but because the officer gave him what is technically called a summons rather than a copy of the writ.    Whatever might have been the result upon a plea in abatement, if the unsubstantial character of the defect is the test of the right of the court to deny the motion to quash, the defendant cannot prevail upon his exception.

In Seaver v. Allen, 48 N. H.  473, the writ was indorsed by the plaintiff, who was a non-resident.    It was not actually filed in court until three years after the commencement of the suit.    The defendant moved to quash for want of a proper indorsement; the plaintiff was allowed to amend by furnishing a new indorser, and the defendant excepted.    The exception was overruled; and the general rule announced in Parsons v. Swett, 32 N. H. 87, 89, was affirmed, namely, that " a motion to quash a writ for a

cause which might be taken advantage of by plea in abatement, must be made within the time limited for filing pleas in abatement." The court say (*p.* 474): "A different practice may have formerly prevailed when the tendency to restrain parties within the substantial merits of their case was not so strong as it is now. *Clark* v. *Lisbon*, 19 N. H. 286, 288, 289. As the court may, for cause shown, waive or enlarge the rule which limits the time of pleading in abatement (*Deming* v. *Foster*, 42 N. H. 165, 179), so they may, in their discretion, extend the time for making a motion which is a substitute for a plea in abatement. . . . If the plaintiff had not, by a new indorsement, given the security to which the defendant was entitled, the court, under the circumstances, would have entertained the defendant's motion to quash the writ, although the time of pleading in abatement had expired. By the amendment, the defendant was placed in as good a position as he would have had if the writ had been properly indorsed at first; and thereupon the court might well refuse to entertain the defendant's motion after the time of pleading in abatement had expired. On this ground the defendant's exception is overruled. By generally applying the four-days rule to proceedings which are intrinsically in abatement, whether on plea or motion, and suspending the rule in special cases in the discretion of the court when justice requires it to be done, the rights of the parties will be protected and technical objections avoided." This express recognition of the growing tendency in 1869 to restrain the parties within the substantial merits of the case and of the propriety of entertaining or refusing to entertain motions to quash, instead of pleas in abatement, after the time within which such pleas must be filed, when justice requires the one course or the other, is material in this case. It is a distinct authority for the general principle of procedure, based on justice and convenience, that allows a motion to quash for defect of service in place of a plea in abatement when the defect is substantial and when, in fact, that method of procedure is just and convenient, and denies the motion when the defect is not substantial and when for that reason justice and convenience raise every reasonable obstacle allowed by law against contentions of a purely formal character. In this way the substantial rights of parties may be protected, and unsubstantial objections may be avoided. An objection to a technical and formal defect, having little or no relation to the merits of the case, justly and properly encounters all possible opposition equally technical and formal. Since the decision in *Seaver* v. *Allen*, the growth of the tendency to restrain parties within the merits of their case has not been reversed or checked. It is not less strong now than at any former period. The tendency has been so long an active and effective force, and has acquired such strength and permanence,

as to be an established order of public policy and a controlling rule of law.

A motion to quash a writ, instead of a plea in abatement, for an unsubstantial defect of service, is a mode of proceeding not required by justice or convenience. The fundamental principles of reasonable procedure require in such cases that the plaintiff should not be turned out of court unless the defendant resorts to the formalities of a plea in abatement. On this ground the defendant's motion was properly denied; for it is presumed that it was denied on all adequate grounds of law and fact, including the ground of discretion, on which it should have been denied.

*Exception overruled.*

All concurred.

